IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA D. MOXLEY, | ) | CASE NO. 1:15CV1533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | KATHLEEN B. BURKE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Brenda Moxley ("Plaintiff"), on behalf of her counsel Matthew Weeks ("Weeks"), now seeks an award of attorney fees in the amount of $12,100 pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 23, p.6. Weeks seeks an award of $250.00 per hour, twice the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended. Doc. 23, p. 1. The hourly amount requested also surpasses the $176.98 per hour that courts in this district routinely award, based on the Consumer Price Index for Cleveland-Akron. Doc. 23, p. 3. In the event the Court does not find $250.00 to be a reasonable hourly rate, Weeks requests $176.98/hr. Doc. 23, p. 3.[1]

This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). As explained below, the Court concludes the following: (1) an award of fees pursuant to the EAJA is warranted in this case; (2) Weeks has

---

[1] As explained below, Weeks, on September 1, 2016, filed a brief in reply wherein he states, "Plaintiff withdraws her request for an award of hourly fees in the amount of $250." Doc. 27, p. 2, n.2.

1

submitted sufficient evidentiary support to obtain a rate of $176.98 per hour; (3) Weeks has not demonstrated that he is entitled to $250.00 per hour; and (4) the amount of hours Weeks claims is excessive and should be reduced. Accordingly, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to EAJA be **GRANTED** in part and **DENIED** in part, and that Plaintiff be awarded EAJA fees in the amount of $6,548.26.

## I. The EAJA Standard

The EAJA provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556.

Here, it is undisputed that Plaintiff is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a plaintiff is the prevailing party in a sentence four remand). The Commissioner does not dispute the issue of substantial justification and makes no mention of any special circumstances that would make an award of attorney fees unjust. Doc. 26. Thus, the issue remaining in dispute is the amount of attorney fees to be awarded.

## II. Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013). Now,

the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an award in excess of $125 per hour, she "bear[s] the burden of producing appropriate evidence to support the requested increase." *Id.* at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).  To justify an upward departure from the statutory cap Plaintiff must satisfy the following:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).

Here, Weeks relies on the Cleveland-Akron CPI; his affidavit; his time sheets; and an affidavit from another social security attorney describing her experience and indicating that, in her opinion, a $350.00 hourly rate for Weeks is reasonable.  Doc. 23, Exhs. 1, 4, 5, 6.  Accordingly, Weeks has submitted sufficient evidence to warrant an increase from $125.00/hr to $176.98/hr, as requested.

3

Weeks has not, however, submitted sufficient evidence to warrant an increase to $250/hr. First, the case Weeks cites in support of an hourly rate of $250.00 for EAJA fees, *Woods v. Colvin*, 2014 U.S.Dist. LEXIS 87093, 2014 WL 2918454 (N.D. Oh. June 26, 2014), is not on point.  In *Woods*, the court considered fees under 42 U.S.C. § 406(b), which involves a different analysis than an attorney fee motion pursuant to the EAJA, 28 U.S.C. § 2412.[2]  *See id*. Moreover, a review of the attorney fee history in the *Woods* case shows that counsel requested, and received, an hourly rate of $179.51 pursuant to his EAJA application under 28 U.S.C. § 2412.  *See Woods v. Astrue*, 2012 WL 529820, *4-5 (N.D.Oh. Feb. 17, 2012).

Next, the affidavit filed by another attorney, Paula Goodwin, states that Goodwin has applied for fees in this district in social security cases and that she has been awarded fees at an hourly rate of $350.00/hr.  Doc. 23-5, p. 2, ¶ 7.  Goodwin does not state whether these fees were awarded pursuant to § 406(b) or the EAJA.  Her affidavit is insufficient to show that, in this fee application, $250/hr is a reasonable fee for Plaintiff's attorney under the EAJA.

Finally, Weeks submits that he is entitled to $250/hr because he represents social security claimants frequently and with success, he is willing to settle cases, and because this case was not "typical" because "there were many meritorious issues presented in this matter that required proper research and presentation to the Court."  Doc. 23, p. 2.   While counsel's overall alleged success rate and willingness to stipulate to remand is commendable, he identifies no legal authority that these alleged characteristics entitle him to a higher hourly fee rate in this case.  As

---

[2]  A claimant's attorney files an application for fees pursuant to the EAJA when the case is remanded from federal court back to the Commissioner.  If, upon remand, the Commissioner finds the claimant to be disabled, the claimant's attorney may then file a motion for attorney fees under 42 U.S.C. § 406(b).  Under § 406(b), the attorney may recover up to 25% of the past due benefits awarded to the claimant.  *See* 42 U.S.C. 406(b); *Hayes v. Sec'y of Health & Human Servs*., 923 F.2d 418 (6th Cir. 1990).  In many cases, 25% of the past due benefits will equal or surpass an attorney fee rate of $300/hr. The amount of fees that the attorney received pursuant to the EAJA is then subtracted from the amount the attorney is awarded under § 406(b) to prevent a double recovery of fees.

for his argument that this case was not "typical" because it required more time due to the number of assignments of error, the undersigned disagrees that this entitles Weeks to a higher hourly fee. Under the EAJA, counsel is compensated by the number of hours he devotes to his case. Thus, numerous meritorious assignments of error requiring "extensive, specific citations to the medical record" that were "time consuming" will, most likely, generate a higher overall fee award because more hours were spent working on the case. In other words, the fact that counsel allegedly spent more time preparing and briefing this case than other cases entitles him to a greater number of compensable hours, not a higher hourly rate. Appearing to concede that a rate of $250 an hour is not reasonable, Weeks, in his reply brief, "withdraws" his request for $250/hr. Doc. 27, p. 2, n.3.

For all these reasons, the undersigned recommends that Plaintiff be awarded attorney fees at the per hour rate that Weeks alternatively requested: $176.98/hr.

### III. Reasonableness of Requested Hours

Weeks submitted a time sheet wherein he lists the number of hours he spent "preparing and prosecuting this case in the U.S. District Court": 48.4 hours. Doc. 23, p. 5. In his reply brief, he adds an additional 4.5 hours for researching and drafting his reply brief. Doc. 27-4. Defendant objects to Weeks' calculation. She argues that the average number of hours a claimant's attorney spends on a social security case is 20-30 hours; the amount of time Weeks requests for drafting his client's brief on the merits (32 hours) is excessive; and that Weeks seeks compensation for clerical tasks that are not compensable under the EAJA. Doc. 26, pp. 9-10.

In support of his motion, Weeks argues that this case included seven assignments of error that were presented to the Court. Two of the assignments of error were found by the Court to have merit (obesity and credibility) and the Court was unable to make a determination as to the

5

remainder because, on remand, the ALJ's decision with respect to obesity and credibility would likely impact her findings as to the other issues raised. Doc. 19, pp. 24, 28; Doc. 21. Thus, this case presented more issues than the usual case. On the other hand, as the Commissioner points out, many of these issues and citations to the record were included by Weeks in his brief submitted to the Appeals Council, and were not researched or identified anew in Plaintiff's brief on the merits before this Court. *See, e.g.*, Tr. 294 (brief filed with the Appeals Council listing 10 assignments of error); Doc. 13, p. 2 (brief on the merits listing 7 assignments of error); Tr. 293-301 (Appeals Council brief including numerous citations to the record where Plaintiff's weight and difficulty walking were recorded); Doc. 13, pp. 18-19 (merits brief argument on obesity and numerous citations to the record where Plaintiff's weight was recorded); Doc. 13, pp. 24-25 (argument on ineffective ambulation and numerous citations to the record where Plaintiff was noted to have difficulty ambulating). Weeks claims, "The analysis regarding myositis required additional medical research and citation to more fully explain Plaintiff's impairments, not typical of an appeal in this Court." Doc. 23, p. 3. However, he had included an online article on myositis to the Appeals Council, Tr. 300, 820-830 (Inclusion-body Myositis article referenced in Appeals Council brief); he does not explain why he had to perform additional medical research to more fully explain Plaintiff's impairments to this Court. Accordingly, the undersigned finds that a portion of the work performed in researching Plaintiff's brief on the merits was duplicative and recommends reducing the amount of time by one-fourth, or 8 hours.

With respect to briefing on the attorney fee motion, the amount of time Weeks spent in his opening brief supporting what he now concedes is an unreasonable request for $250 an hour is not compensable. Thus, the undersigned recommends reducing the 2 hours he spent briefing his motion for attorney fees by .5 hours. Also, Weeks claims to have spent a total of 4.5 hours

preparing and drafting his reply brief on his attorney fee motion. Doc. 27-5. This amount of time is excessive and the undersigned recommends the Court not compensate Weeks for any of this reply brief time. Although briefing on attorney fees is compensable, in this case Weeks' reply brief added nothing but additional billable hours. For instance, the additional briefing he included asserting that $176.98 an hour is a reasonable fee was superfluous; he had already briefed this in his original motion and the extra briefing and exhibits added nothing to his arguments. In his reply brief Weeks also concedes that the time spent on clerical work is not compensable (Doc. 27, p. 7); the fact that he initially asked for non-compensable clerical work (at $250 an hour, no less) is not evidence of good faith. Moreover, the time he allegedly spent checking the case law cited by the Commissioner in her response to his attorney fee motion (Doc. 27-4)—including the Commissioner's case law that identified Weeks' original and obvious error in citing the *Woods* case—is not compensable. It amounts to Weeks seeking (double) attorney fees for an incorrect legal citation that he chose to rely upon.[3] Moreover, it only cuts against Weeks' argument that he is a seasoned social security attorney entitled to more than the statutory rate of $125.00 an hour.

Nevertheless, as previously stated, the undersigned recommends that $176.98 is a reasonable hourly rate for Weeks' work performed in this case. However, the undersigned also recommends that, for the reasons explained above, the number of hours Weeks seeks compensation for (time spent briefing items in error and/or clerical or duplicative work) should be reduced as follows: (1) Weeks should not be compensated for any of the 4.5 hours allegedly

---

[3] In his reply brief in support of attorney fees, Weeks asserts that case law supports his contention that the average number of hours an attorney spends on a social security case is 30-40. Doc. 27, p. 6, n. 8. However, Weeks' cited legal authority is, again, not on point. The case he cites—*Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990)—is a § 406(b) case and had referenced 39.25 hours as the number of hours spent at *both the administrative level and in district court*. Under the EAJA, a plaintiff's attorney is only entitled to recover fees for time spent *at the district court level*. 28 U.S.C. § 2412(d)(1)(A).

7

spent drafting his attorney fee reply brief; (2) the number of hours spent drafting the initial attorney fee brief should be reduced by .5; (3) the clerical work Weeks performed is not compensable and the fee award should be reduced accordingly by 2.9 hours, as Weeks concedes (Doc. 27, p. 7); and (4) the amount of time spent on Plaintiff's brief on the merits (32) should be reduced by one-fourth, or 8 hours. Thus, Weeks should be awarded EAJA fees in the amount of $6,548.26 ($176.98 x 37 hours).[4]

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Attorney Fees (Doc. 23) pursuant to the EAJA should be **GRANTED in part and DENIED in part**. Plaintiff should be awarded EAJA fees in the amount of $6,548.26.

Dated: September 7, 2016

*/s/ Kathleen B. Burke*

KATHLEEN B. BURKE
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)

---

[4] Without his attorney fee reply brief, Weeks requested fees for 48.4 hours. Doc. 23-6. 48.4 minus .5 (initial attorney fee brief) minus 2.9 (clerical work) minus 8 (duplicative brief on the merits) = 37 hours.